J-S81026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WIN MIN HTUT | |
| Appellant | No. 326 EDA 2016 |

Appeal from the PCRA Order January 5, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000308-2014

BEFORE:  BOWES, J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.:                **FILED FEBRUARY 13, 2017**

Win Min Htut appeals from the January 5, 2016 order of the Lehigh County Court of Common Pleas denying his petition for relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Htut's counsel has also filed with this Court a "no-merit" brief[1] and a motion to withdraw from representation.  We affirm the PCRA court's order and grant counsel's motion to withdraw.

On September 2, 2014, Htut entered a negotiated guilty plea to one count of second-degree murder[2] and was sentenced to life in prison.  As part

---

[*] Former Justice specially assigned to the Superior Court.

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] 18 Pa.C.S. § 2502(b).

of the plea agreement, the Commonwealth agreed to not seek the death penalty and to permit a guilty plea to second-degree murder in exchange for Htut's waiver of his appeal and post-conviction rights.[3]  Htut's waiver was memorialized in a "Written Waiver of Appeal Rights Colloquy," which both Htut and his plea counsel signed on August 26, 2014.  On September 2, 2014, the trial court conducted an on-the-record, oral colloquy to confirm that Htut's decisions to plead guilty and to waive his appeal and post-conviction rights were knowing and voluntary.  The trial court incorporated both the written guilty plea colloquy and the written waiver colloquy into the record.

On August 3, 2015, Htut filed a timely *pro se* PCRA petition.  The PCRA court appointed counsel, who filed an amended PCRA petition on November 15, 2015.  Thereafter, the Commonwealth sought to enforce Htut's waiver of appeal and post-conviction rights.  On January 5, 2016, the PCRA court held a hearing limited to the enforcement of Htut's waiver.  Both Htut and his plea counsel testified regarding the circumstances surrounding Htut's signing of the waiver colloquy.  At the conclusion of the hearing, the trial court

_____

[3] The Commonwealth had initially filed a notice of aggravating circumstances, intending to seek the death penalty.  Before the entry of Htut's plea, and by agreement of the parties, the trial court amended the information to change the charge from criminal homicide, which includes first- and second-degree murder, to second-degree murder.  **See** N.T., 9/2/14, at 3-4.

concluded that Htut's waiver was both knowing and voluntary and, thus, dismissed Htut's PCRA petition.

Htut timely appealed to this Court. On February 10, 2016, Htut filed a Pennsylvania Rule of Appellate Procedure 1925(b) statement, asserting that his plea counsel was ineffective for failing to explain that Htut was giving up his right to file a PCRA petition when he signed the waiver colloquy. On March 28, 2016, Htut's counsel filed a no-merit brief and a motion to withdraw from representation. On June 2, 2016, after requesting and receiving an extension of time, Htut filed a *pro se* response to counsel's no-merit brief.

Before we may address the merits of Htut's appeal, we must determine whether PCRA counsel has satisfied the requirements for withdrawal under **Turner**/**Finley**. Counsel must:

> file a "no-merit" letter detailing the nature and extent of his review and list[ing] each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

**Commonwealth v. Rykard**, 55 A.3d 1177, 1185 (Pa.Super. 2012) (internal citation omitted). Counsel also must serve copies of the petition to withdraw and "no-merit" letter on the petitioner and advise the petitioner that he or she has the right to proceed *pro se* or with privately retained counsel. **Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa.Super. 2011).

In his motion to withdraw and brief, counsel states that he reviewed the record and applicable law, listed the issue Htut wished to raise, and explained why the issue is meritless. He also mailed a copy of the petition and no-merit brief to Htut and informed Htut of his right to proceed *pro se* or with private counsel. We conclude that counsel has complied with the dictates of **Turner**/**Finley**. Thus, we will independently review the record to determine whether Htut's appeal is meritless.

In his no-merit brief, Htut's counsel raises the following issue:

> WAS TRIAL COUNSEL INEFFECTIVE FOR FAILING TO EXPLAIN TO [HTUT] THAT HE WAS GIVING UP HIS RIGHTS TO FILE A PCRA PETITION AGAINST HIS TRIAL ATTORNEY. THIS RESULTED IN AN UNKNOWING AND INVOLUNTARY WAIVER OF RIGHT TO APPEAL.

No-Merit Br. at 4.[4]

Our review of an order denying PCRA relief is limited to determining "whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Melendez–Negron**, 123 A.3d 1087, 1090 (Pa.Super. 2015). We will not disturb the PCRA court's factual findings "unless there is no support for [those] findings in the certified record." **Id.**

---

[4] In his *pro se* brief, Htut likewise challenges the validity of his waiver of appeal rights but also raises numerous additional claims regarding, *inter alia*, the voluntariness of his guilty plea and the ineffectiveness of both plea counsel and PCRA counsel. **See** Htut's Br. at 5-6. However, in light of our conclusion that Htut validly waived his appeal and post-conviction rights, **see supra** at 7-8, we will not review these additional claims.

One week before entering his guilty plea in open court, Htut signed a written waiver colloquy in which he agreed to waive all appeal and post-conviction rights.[5] During the subsequent oral colloquy, Htut stated that he had reviewed the waiver form with counsel and understood it. N.T., 9/2/14, at 28-29, 47-48. Htut also initialed each page of the waiver form and signed and dated the last page. **See** Waiver Colloquy, at 1-5 (unnumbered). Htut is bound by the statements he made in his oral and written colloquies. **See Commonwealth v. Yeomans**, 24 A.3d 1044, 1047 (Pa.Super. 2011); **Commonwealth v. Barnes**, 687 A.2d 1163, 1167 (Pa.Super. 1996).

At the PCRA hearing, Htut testified that his plea counsel presented the waiver form to him "at the very last minute"; counsel coerced him into signing it; and he did not understand the rights he was relinquishing because English is not his native language.[6] N.T., 1/5/16, at 16-18, 23-24. These allegations, however, were directly refuted by the waiver colloquy itself, plea counsel's testimony, and Htut's own testimony. Htut admitted that he signed the waiver colloquy on August 26, 2014, one week before he entered his guilty plea. **Id.** at 19-20; **see** Waiver Colloquy at 5-6.

_____

[5] **See Commonwealth v. Saranchak**, 810 A.2d 1197, 1199 (Pa. 2002) ("Most jurisdictions permit a capital defendant to waive direct appellate review and/or post-conviction proceedings, and Pennsylvania is no exception.").

[6] Htut was born in Myanmar, and his native language is Burmese. He was 38 years old at the time of plea proceeding. **See** Opinion, 2/18/16, at 2 ("1925(a) Op.").

With regard to Htut's understanding of the waiver colloquy, the PCRA court found:

> [Htut], according to counsel, is well-versed in the English language, and throughout his representation of [Htut], their dialogue was in English.
>
> Not only did counsel review the terms of the plea agreement with [Htut], which included the Commonwealth's agreement not to seek the death penalty, but also the waiver of appeal rights. Counsel testified that he "read every word, every line, and stopped after each line to make sure [Htut] understood what I was saying to him . . . and after each number, and I went through everything with him and he understood everything." Counsel, contrary to [Htut's] assertions regarding the waiver of appeal rights, indicated that [Htut] "understood the content of it. He was willing to sign it. He did sign it. And I did not in any way yell at him, threaten him, or anything of that nature. It was completely a volitional act on his part to sign it." [Htut] never refused to sign the waiver of appeal rights.

1925(a) Op. at 6-7 (footnotes omitted). Further, at the plea proceeding, counsel stated: "I have never gotten the impression that [Htut] has any difficulty understanding English or the legal concepts that I was presenting to him, and I explained every right that he has as contained in the various colloquies[,] and he acknowledged that he understood those rights." N.T., 9/2/14, at 7-8.

The PCRA court specifically found that the testimony of plea "counsel was credible and consistent, and [Htut] provided an untrustworthy version of the proceedings." 1925(a) Op. at 8. We are bound by the PCRA court's credibility determinations as long as they are supported by the record.

***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa. 2013). We conclude that the oral and written guilty plea colloquies and the written waiver colloquy support the PCRA court's credibility findings.

We also reject Htut's claim that, at the time he signed the waiver colloquy, he was unaware that he was forfeiting his right to file a PCRA petition. As the PCRA court aptly explained:

> PCRA counsel, faced with [Htut's] credibility dilemma, suggests that although [Htut] signed the waiver colloquy, trial counsel was somehow ineffective because he did not use the magic words PCRA, or did not explain to [Htut] his right to file a PCRA. This is, at best, sophistry because trial counsel testified that he did explain the "Written Waiver Of Appeal Rights Colloquy" in detail. The waiver document, in clear terms, spells out [Htut's] reciprocal agreement "not to seek or file or have filed on my behalf, any direct [or] collateral appeals of my conviction, sentence, or this agreement to the appellate courts of Pennsylvania . . . ." upon the Commonwealth's agreement not to seek the death penalty. The waiver document then elaborates on collateral appeals to include "request for relief under the state Post Conviction Relief Act . . . ." Not only does the waiver document explain collateral appeals, but then tracks the language of the PCRA statute.

1925(a) Op. at 9 (footnotes omitted).

We agree with the PCRA court that plea counsel need not have used the acronym "PCRA" while explaining the waiver form to Htut. The waiver form clearly stated that Htut was "giving up the right to make allegations, including but not limited to, asserting that [his] conviction or sentence resulted from" a constitutional violation, ineffective assistance of counsel, or an unlawfully induced guilty plea. Waiver Colloquy, ¶ 6(e)(1)-(3). The

waiver form also stated that "**no other court** will review [Htut's] case after today." *Id.*, ¶ 6(d) (emphasis added). Plea counsel credibly testified that he read and explained the entire waiver form to Htut and that Htut understood it.

The record supports the PCRA court's determination that Htut's waiver of his appeal and post-conviction rights, including his right to file the instant PCRA petition, was knowing and voluntary. Accordingly, because Htut validly waived his right to seek post-conviction relief, the PCRA court properly dismissed his petition.

Order affirmed. Motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2017